J-S26004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA LUKE WRIGHT | : | |
| | : | |
| Appellant | : | No. 1155 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 31, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002982-2021

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: OCTOBER 8, 2024**

Joshua Luke Wright appeals from the judgment of sentence entered in the Berks County Court of Common Pleas on July 31, 2023. Additionally, Wright's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we affirm the judgment of sentence and grant counsel permission to withdraw.

In September 2021, Wright was charged by criminal information with two counts each of statutory sexual assault, aggravated indecent assault, criminal use of a communication facility, corruption of minors, unlawful contact with a minor, indecent assault, and involuntary deviate sexual assault.

On March 15, 2023, Wright entered an open guilty plea to one count each of statutory sexual assault, corruption of minors, and unlawful contact

with minors. The remaining charges were dismissed. Sentencing was deferred in order to complete a sexual offender assessment.

On July 31, 2023, the trial court sentenced Wright to an aggregate term of 4 to 20 years' incarceration, followed by 3 years' probation. Wright subsequently filed a timely *pro se* notice of appeal. Trial counsel then filed a motion to withdraw as counsel, stating he had not been retained as appellate counsel. The court granted counsel leave to withdraw and appointed appellate counsel. After receiving additional time to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), current counsel filed a motion to withdraw in lieu of a concise statement.

We turn first to counsel's petition to withdraw. To withdraw pursuant to *Anders*, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

An ***Anders*** brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find counsel has substantially complied with the preliminary requirements set forth in ***Anders***. Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Wright's appeal is frivolous. Further, counsel attached to his petition a copy of a letter he sent to Wright advising him of his rights, including his immediate right to proceed *pro se* and/or right to hire private counsel. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Wright, and his assessment of why those issues are meritless. Counsel has thus complied with the requirements of ***Anders***.[1]

_____

[1] We note that counsel only met the bare minimum requirements of ***Anders*** in order to move forward with our review. While the brief contains a summary of the procedural and factual history, the summaries do not include citations to the record. Further, counsel's analysis of anything in the record that may

*(Footnote Continued Next Page)*

Wright has not filed a response. As such, we proceed to a review of any issues outlined in the ***Anders*** brief.

The sole issue raised in the ***Anders*** brief presents a challenge to the discretionary aspects of Wright's sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

---

arguably support the appeal is notably sparse. Counsel also did not attach a copy of the Pa.R.A.P. 1925(c)(4) statement of intent to withdraw to the ***Anders*** brief, in lieu of a 1925(b) concise statement. Finally, although counsel raises a challenge to the discretionary aspect of sentencing, the brief does not include a Pa.R.A.P. 2119(f) statement. Despite these oversights, the brief is sufficient to allow us to review the issue Wright wished to raise. We caution counsel to be more careful in the future in fully complying with our rules of appellate procedure.

As we previously noted, counsel has failed to include a Pa.R.A.P. 2119(f) statement. "Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

However, Wright also did not file any post-sentence motions, let alone one raising a sentencing issue.[2] Nor did Wright raise any sentencing issues at the sentencing hearing. Accordingly, no sentencing issues were preserved for our review. **See** Pa.R.Crim.P. 720.

Even if preserved, the issue is not meritorious. Wright's sentences were all in the standard range, although run consecutively. When viewed as a whole, the aggregate sentence is not unreasonable.

Finally, the court considered a pre-sentence investigation report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed

_____

[2] On August 10, 2023, Wright filed a handwritten *pro se* notice of appeal. In the letter, Wright indicated he was aware he had "10 days from sentencing to submit a handwritten statement, but other than that my lawyer didn't really make it too clear what it should look like or how it should be done." *Pro Se Notice of Appeal*, 8/10/23. It appears Wright may have been referring to a desire to file a post-sentence motion as well. However, new appellate counsel was appointed shortly thereafter and it does not appear from the record that any attempt to file a *nunc pro tunc* post-sentence motion was made. As discussed below, we find the issue would nevertheless be without merit even if it had been preserved in a post-sentence motion.

those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992).

At the sentencing hearing, the court justified its sentence as follows:

All right. Well, I appreciate the steps that you have taken to address some of the issues that brought you to court today through programs and BCP. And I'm sorry that at one time in your life you too were a victim. And [defense counsel] is right, unfortunately, there is a cycle to this. And all those things put maybe this in context. But it isn't a license to go out and become a perpetrator yourself, because as an adult you had opportunities to try to address these issues prior to you becoming a perpetrator. And I hope that you continue with this and I know that the state will have classifications and give you additional treatment.

But there is—as you know, there is no magic eraser for what happened. And this young girl is going to have to live with this for the rest of her life. And I can't turn a blind[] eye to that.

N.T., Sentencing Hearing, 7/31/23, 16-17. In issuing the sentence, the court specifically noted its consideration of Wright's prior record score, the offense gravity scores, the standard range of the sentencing guidelines, the recommendation of the Commonwealth, the statement of the victim's mother,

the information provided by Wright's counsel, a letter from Wright's mother, and Wright's statement to the court. *See id*. at 17.

Under these circumstances, we cannot find that the trial court abused its discretion. Wright's challenge to the discretionary aspects of his sentence is frivolous. Our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal.

We affirm Wright's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/08/2024